NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOHN J. PETRUCHEVICH,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Civil Action No. 18-796 (SRC)

**OPINION**

**CHESLER, District Judge**

    This matter comes before the Court on the appeal by Plaintiff John J. Petruchevich ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be vacated.

    In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning July 1, 2011. A hearing was held before ALJ Donna A. Krappa (the "ALJ") on March 23, 2016, and the ALJ issued an unfavorable decision on September 1, 2016, finding Plaintiff not disabled. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

    In the decision of September 1, 2016, the ALJ found that, at step three, Plaintiff did not

meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform a reduced range of light work, with certain limitations. At step four, the ALJ also found that Plaintiff did not retain the residual functional capacity to perform his past relevant work. At step five, the ALJ consulted a vocational expert and concluded that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff was not disabled within the meaning of the Act.

This case presents a truly unusual problem: no one seems clear on what issue the ALJ decided. Instead, there is unrecognized inconsistency about what is at issue.

The ALJ's decision begins with a section with the heading, "Issues." (Tr. 16.) In this section, the ALJ states that Plaintiff's date last insured is December 31, 2012. The ALJ then states: "the claimant must establish disability on or before that date in order to be entitled to a period of disability and disability insurance benefits." (Tr. 16.) The problem for this Court is that, having framed the issue as such, the ALJ proceeds to resolve not that issue, but a different one: whether the claimant was disabled during the period between July 1, 2011 and the date of the decision, September 1, 2016. In the conclusion, the ALJ states: "The claimant has not been under a disability . . . from July 1, 2011, through the date of this decision." (Tr. 26.) That is not the issue that was stated at the beginning of the decision. The two are related, but they are not the same. And this is not merely a problem with the ALJ's concluding statement: the decision does not focus on the question of onset before the date last insured. Much attention is given to the period after December 31, 2012.

Then, to compound the uncertainty, both Plaintiff and the Commissioner, in their appeal briefs, argue as if the issue for review is the question of disability during the longer period. The Commissioner, in fact, states that the "relevant period of review" is the period from July 1, 2011 through the date of the ALJ's decision. (Def.'s Br. 2.)

This Court cannot review a decision when there is such fundamental inconsistency and uncertainty about what issue the ALJ addressed and resolved. Above all, there must be clarity about the definition of the issue the Court must review.

The ALJ's decision will be vacated and remanded for further proceedings in accordance with this Opinion.

                                                             s/ Stanley R. Chesler  
                                                           STANLEY R. CHESLER, U.S.D.J.

Dated: April 17, 2019