NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____

JOHN J. PETRUCHEVICH, :
:
    Plaintiff, : Civil Action No. 18-796 (SRC)
:
    v. : **OPINION**
:
COMMISSIONER OF SOCIAL :
SECURITY, :
:
    Defendant. :
_____:

**CHESLER, District Judge**

    This matter comes before the Court on the motion for relief from Judgment, pursuant to

Federal Rule of Civil Procedure 60(b), by the Commissioner of Social Security

("Commissioner"). Plaintiff John J. Petruchevich has opposed the motion. For the reasons that

follow, the motion will be denied.

    In brief, this case arises from Plaintiff's appeal of the final decision of the Commissioner

of Social Security determining that he was not disabled under the Social Security Act (the

"Act"). On April 17, 2019, the Court filed an Opinion and an Order granting Plaintiff's appeal,

vacating the Commissioner's decision, and remanding the case for further proceedings. In May

of 2019, the parties resolved the issue of attorney fees by stipulation. On September 11, 2019,

the Commissioner filed the instant motion.

    Plaintiff, in opposition, argues first that the motion is untimely: the Commissioner gives

no explanation for the delay – nearly five months – in making this motion. Plaintiff points out

that the Commissioner has moved for relief from Judgment on the ground of the Court's

1

purported mistake, and that this could have been done in April. While this is true, Rule 60(c)(1) states that the motion "must be made within a reasonable time," which, for motions based on the ground of mistake, cannot be more than one year from the entry of judgment. Under the express provisions of Rule 60, this motion is not untimely.

The Commissioner has failed to persuade this Court, however, that the Court erred in the decision entered April 17, 2019. The Commissioner argues: "the Court mistakenly determined that the ALJ considered the wrong time period."[1] (Def.'s Br. 1.) The Commissioner contends that "the ALJ properly evaluated the case from July 1, 2011, Plaintiff's alleged disability onset date." (Id.) Remarkably, the Commissioner's brief then proceeds to lay out the reasons why the Court was correct.

The Commissioner explains that DIB and SSI benefits have different timing requirements under the law. Pursuant to 20 C.F.R. §§ 416.202 and 416.335, an SSI applicant is not eligible for SSI until the month following the date of filing for benefits. A DIB applicant, in contrast, must establish disability on or before the date last insured. Plaintiff in this case filed applications for DIB and SSI on November 1, 2013, alleging disability as of July 1, 2011. The ALJ determined – and this is not disputed – that Plaintiff's date last insured was December 31, 2012. This provides all of the underlying facts needed to establish the relevant time frames. As the Commissioner explains, Plaintiff is eligible for SSI, with proof of qualifying disability, for the period from December 1, 2013 through the date of the ALJ's decision. Plaintiff is eligible for DIB, with proof of qualifying disability, for the period beginning prior to December 31, 2012, through the date of the ALJ's decision. Thus, for Plaintiff's SSI application, the ALJ

---

[1] The Commissioner here appears to have misunderstood the Opinion of April 17, 2019. In that Opinion, this Court did not conclude that the ALJ considered the wrong time period. Rather, it

had to determine whether Plaintiff had proven disability during the period from December 1, 2013 through September 1, 2016. For Plaintiff's DIB application, the ALJ had to determine whether Plaintiff had proven disability on or before December 31, 2012, the date last insured. The relevant time period for the DIB application differs from the relevant time period for the SSI application. There are two different relevant time periods, one for each type of benefit application.

Having explained all this, the Commissioner proceeds to argue that there is a single relevant time period applicable to both applications, which is July 1, 2011 through September 1, 2016. The Commissioner contends that the ALJ properly evaluated the case by reviewing the evidence from this time frame. So, in summary, the Commissioner first explained how the law prescribes differing time frames for SSI and DIB benefits, and then argued that the ALJ did not err by using a single time frame in the decision.

The Commissioner's position is unpersuasive and inconsistent. The Commissioner, having just explained why, pursuant to 20 C.F.R. § 416.335, Plaintiff did not become eligible for SSI benefits until December 1, 2013, then proceeds to claim that the ALJ properly examined the time period beginning July 1, 2011. This is unpersuasive: since, pursuant to 20 C.F.R. § 416.335, Plaintiff was not eligible for SSI benefits before December 1, 2013, how are the years 2011 and 2012 relevant to the SSI benefit determination? Based on the Commissioner's citations to the relevant Regulations, the ALJ applied the wrong time frame to the SSI application.

The Commissioner contends that, in this Court's decision entered on April 17, 2019, "the Court mistakenly determined that the ALJ considered the wrong time period." (Def.'s Br. 1.)

_____

concluded that it could not ascertain what time period the ALJ had evaluated.

As just shown, the Commissioner's briefing shows no mistake on this Court's part. Rather, the Commissioner's briefing establishes that the ALJ erred by applying the DBI time frame to the SSI application. This Court *now* determines that the ALJ considered the wrong time period for the SSI application.

The only remaining question is whether this was material error, or a harmless one. Examination of the ALJ's decision shows that the ALJ's error may well have prejudiced Plaintiff. There is no dispute that the ALJ's decision contains no reference to the time frame applicable to an SSI application under the Regulations, and that the ALJ applied the DBI time frame to the entire decision. Thus, in reviewing the evidence at step four, the ALJ noted that the date last insured was December 31, 2012, and stated that the "only evidence from prior to that date is Exhibit 1F." (Tr. 21.) The ALJ then stated: "The first laboratory evidence of a back impairment is in February 2013, ***after*** the claimant's date last insured." (Tr. 21.) In adjudicating an application for SSI benefits, the date last insured has no legal relevance. The matter of whether evidence came from before or after the date last insured also has no legal relevance.

The ALJ noted that there was evidence of a number of emergency room visits in 2013. (Tr. 21.) In November of 2013, the ALJ reports, Plaintiff was hospitalized twice for psychiatric care, and was diagnosed with bipolar disorder. (Tr. 22.)

In making the residual functional determination, the ALJ gave little weight to the opinions of treating physician Dr. Rajapakse. The ALJ stated that she gave "partial weight" to the opinions of the state agency reviewers. She described their findings as follows: "Because there was no evidence of any mental impairment prior to the DLI they found the evidence insufficient and found the claimant not disabled." (Tr. 23.) The ALJ then stated that she gave

partial weight to the opinions of the state agency reviewers as to physical impairments, but that the ALJ had "made a mental assessment based on the submitted mental records." (Tr. 23.)

There are multiple harmful errors here. First, the ALJ makes clear that the state agency reviewers evaluated Plaintiff using the DBI time frame, not the SSI time frame, given the reference to the date last insured. The ALJ thus erred in crediting the opinions of the state agency reviewers in making the SSI determination. For the SSI determination, the reviewers should have considered the evidence regarding Plaintiff's impairments as of the date of application, November 1, 2013, and after, but the ALJ states that they did not do so. It appears that the ALJ made her own lay assessment of Plaintiff's psychiatric limitations based on her reading of the evidence, independent of any medical source statement. As to mental limitations, the ALJ determined that Plaintiff retained the residual functional capacity to perform jobs:

> that are simple and repetitive; and that are low stress (that is, these jobs require only an occasional change in the work setting during the workday, only an occasional change in the work setting during the workday, only an occasional change in decision making required during the workday, and, if production based, production is monitored at the end of the day rather than consistently throughout it).

(Tr. 20.) The ALJ cited no medical opinion which supports finding these limitations. This leaves the Court to ask on what medical evidence the ALJ relied in determining Plaintiff's non-exertional residual functional capacity? The decision does not provide a reasonable basis for crediting any of the medical opinions of record. The only possible answer is that the ALJ made speculative inferences from medical reports and arrived at her own lay opinion about what the medical evidence demonstrated. The ALJ essentially admitted this when she wrote that she had "made a mental assessment based on the submitted mental records." (Tr. 23.) The ALJ appears to have relied on her own lay opinion of the medical evidence. The ALJ came to these

conclusions without supporting medical evidence — except to the extent that she made a lay assessment of the medical records.

The Third Circuit has held:

> A cardinal principle guiding disability eligibility determinations is that the ALJ accord treating physicians' reports great weight, especially when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time. Where, as here, the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason. The ALJ must consider the medical findings that support a treating physician's opinion that the claimant is disabled. In choosing to reject the treating physician's assessment, an ALJ may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion.

Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (citations omitted). The ALJ's decision fails to follow Morales. Because the ALJ cited no evidence to support her assessment of the non-exertional limitations in the residual functional capacity determination, the Court concludes that the assessment is based only on the speculative, lay inferences of the ALJ.

This is particularly troubling because of what the record shows happened just prior to December 1, 2013, the start of Plaintiff's SSI eligibility period: Plaintiff had two psychiatric hospitalizations during the month of November, 2013. The ALJ's decision itself states that Plaintiff was in a psychiatric hospital on December 1, 2013. (Tr. 22.) Although the ALJ states that the precipitants for these two hospitalizations were aggressive behavior, thoughts of hurting a family member, and suicidal ideation, the decision offers no analysis of whether these might indicate relevant nonexertional limitations.

This Court therefore concludes that Plaintiff was prejudiced by the ALJ's errors. The ALJ failed to appreciate important differences in the law regarding DIB and SSI applications,

and erred by applying the time frame for DIB benefits to an application for SSI benefits. As to non-exertional limitations, the residual functional capacity determination at step four is not supported by substantial evidence. The Court's decision of April 17, 2019 was not in error.

The Commissioner's motion for relief from Judgment, pursuant to Federal Rule of Civil Procedure 60(b), is denied. The ALJ's decision will be vacated and remanded for further proceedings in accordance with this Opinion, as well as the Opinion of April 17, 2019.

　　　　　　　　　　　　　　　　　　　s/ Stanley R. Chesler　　　　　　
　　　　　　　　　　　　　　　　　STANLEY R. CHESLER, U.S.D.J.

Dated: October 30, 2019